UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK STAMPONE, <br><br> Plaintiff, <br><br> v. <br><br> AMANDA B. FOPMA, SECREST WARDLE, HENRY S. EMRICH, JOHN LAWRENCE HIESHETTER, STATE OF MICHIGAN, HON. G. PATRICK HILLARY, AND MICHIGAN ATTORNEY GENERAL BILL SCHUETTE, <br><br> Defendants. | Civil Action No. 13-5129 (SDW)(MCA) <br><br><br> **OPINION** <br><br><br> November 4, 2013 |

**WIGENTON**, District Judge.

Before the Court is Frederick Stampone's ("Plaintiff") Motion for Default Judgment against Defendants Amanda B. Fopma, Secrest Wardle, Henry S. Emrich, John Lawrence Hieshetter, State of Michigan, Hon. G. Patrick Hillary, and Michigan Attorney General Bill Schuette (collectively "Defendants') pursuant to Fed. R. Civ. P. 55(a), and Plaintiff's Motion for Leave to Amend the Complaint pursuant to Fed. R. Civ. P. 15(a). Also before the Court are Defendants' Motions to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). This Court notes that Plaintiff is proceeding as a *pro se* litigant.[1] This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

---

[1] *Pro se* complaints are construed liberally and are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, *pro se* litigants must still allege facts, taken as true, to suggest the required elements of the claims asserted. See Phillips, 515 F.3d at 234-35; McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

1

**FACTUAL HISTORY**

Plaintiff filed the instant action on August 23, 2013. (Dkt. No. 1.) Plaintiff contends that he is a witness to a domestic relations case pending in Michigan. (Compl. ¶ 1 (Claims).) Plaintiff alleges that Defendants caused him to be a victim of "bullying," "badgering," "illegal subpoenas," and other acts in violation of his "Civil Rights, State and Federal Rules." (Id. ¶¶ 1-2 (Claims).) Plaintiff asserts that "[t]he damages occurred in the state of Michigan. All defendants are citizens of the State of Michigan. They all live, work and conduct business in Michigan." (Id. ¶ 2 (Jurisdiction).)

**DISCUSSION**

A threshold matter for this Court to consider here is personal jurisdiction. Defendants all move to dismiss based on lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Federal district courts "have personal jurisdiction over nonresident defendants to the extent authorized under the law of the forum state in which the district court sits." See Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 31 (3d Cir. 1993). The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir.1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)). Consistent with due process, personal jurisdiction can be established by way of general jurisdiction or specific jurisdiction. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15, n. 8 & 9 (1984).

General jurisdiction exists where a defendant has "continuous and systematic" contacts with the state. Heliocopteras, 466 U.S. at 414-15. Specific jurisdiction, by contrast, is present where: (1) the defendant purposefully directed its activities at the forum; (2) the litigation arises out of or relates to at least one of the contacts; and (3) the exercise of jurisdiction otherwise

2

comports with traditional notions of fair play and substantial justice. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007) (internal citations and quotations omitted). The "purposeful availment" requirement assures that the defendant could reasonably anticipate being hauled into court in a forum and is not subject to personal jurisdiction in a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In the instant matter, this Court does not have general jurisdiction over Defendants. Plaintiff has not alleged—and it has not otherwise been established—that any of Defendants have any "continuous and systematic" contacts with New Jersey. Indeed, Plaintiff acknowledges that Defendants are Michigan residents and work in Michigan. Additionally, this Court does not have specific jurisdiction over this matter as the alleged incidents occurred in Michigan. As Plaintiff concedes, no part of the litigation arises out of contacts or events in New Jersey. There is no reasonable basis for haling Defendants to federal court in New Jersey. As there is no personal jurisdiction, this case is dismissed, with prejudice.[2]

**CONCLUSION**

For the reasons discussed above, the Court **denies** Plaintiff's Motion for Default Judgment (Dkt. No. 10), **denies** Plaintiff's Motion to Amend the Complaint (Dkt. No. 21), and **grants** Defendants' Motions to Dismiss, with prejudice (Dkt. Nos. 14, 15, 17).

s/Susan D. Wigenton, U.S.D.J.

Cc: Madeline Cox Arleo, U.S.M.J.

---

[2] Having decided that this Court has no jurisdiction over this case, it is unnecessary to reach the merits of the remaining arguments raised in the instant motions.